695 P.2d 380

**CANYON HIGHWAY DISTRICT NO. 4, Plaintiff-Respondent,**

v.

**CANYON COUNTY, a political subdivision of the State of Idaho; and Carlos Bledsoe, Glen Koch and Del Hobza, the Board of County Commissioners of Canyon County, Idaho, Defendants-Appellants.**

No. 15310.

Supreme Court of Idaho.

Jan. 22, 1985.

Richard L. Harris, Canyon County Pros. Atty., Caldwell, for defendants-appellants.

Gerald L. Weston, of Gigray, Miller, Downen & Weston, Caldwell, for plaintiff-respondent.

BAKES, Justice.

Appellant Canyon County appeals from a summary judgment order requiring Canyon County to remit $101,361.00 in sales tax refund moneys to Canyon Highway Dist. No. 4. We affirm.

This controversy began in June of 1980 when the Canyon County commissioners created a highway study commission to study the question of whether Canyon County should reorganize the county's secondary road system. Pursuant to a recom-mendation by the highway study commission, the following question was placed on the ballot for the November, 1980, election: "For the purposes of administering the secondary road system of Canyon County, shall the county adopt a new type of administration of the secondary road system to provide for the division of the county into highway districts covering the entire county secondary road system? Yes or No." On November 4, 1980, the change in administration was approved by the voters.

On December 8, 1980, the county commissioners voted to divide the entire county into four highway districts. In so doing, the Nampa Highway District, the Notus-Parma Highway District, and the Golden Gate Highway District boundaries were changed. Further, the Canyon County Road and Bridge Department was abolished in favor of Canyon Highway District No. 4. Formerly, the Canyon County Road and Bridge Department had operated as a fund of county government, not as a separate taxing district. As a fund of county government, the Road and Bridge Department's entitlement to a share of sales tax revenues was based upon the taxing district status of Canyon County and not on the fund status of the Canyon County Road and Bridge Department. During the existence of the Canyon County Road and Bridge Department, any taxes levied for the purpose of secondary road maintenance within the county were maintained in a separate dedicated fund.

In December of 1980, the present commissioners of Canyon Highway District No. 4 were appointed by the governor. Formerly, the Canyon County Road and Bridge Department had been administered by the Canyon County commissioners. In January of 1981, the vehicles and equipment and the budget of the Canyon County Road and Bridge Department were turned over to Canyon Highway District No. 4 by the county commissioners.

In 1981, Canyon County—supported by an opinion of the Attorney General—determined that Canyon Highway District No. 4 was not created until January 1, 1981. The

county reasoned that, pursuant to I.C. § 63–3638, if the district was not a taxing district in the fourth quarter of 1979, it would not share in any moneys remitted to the county from the sales tax fund.

Canyon Highway Dist. No. 4 then filed a complaint in district court seeking its proportionate share of sales tax refund moneys. Summary judgment was granted in favor of Canyon Highway District No. 4. Ruling for Canyon Highway Dist. No. 4, the court found a latent ambiguity in the statutory language. The court ruled that Canyon Highway District No. 4 essentially replaced the Canyon County Road and Bridge Department. The court reasoned that, since the change was merely an administrative change, Canyon Highway District No. 4 would still be entitled to a portion of the sales tax refund moneys received based upon the same apportionment formula as was used to determine the proportionate share to be received by the Canyon County Road and Bridge Department. Canyon County's subsequent motion for reconsideration pursuant to I.R. C.P. 59(a) was denied. This appeal followed.

This case involves a question of statutory interpretation. The statutory language to be interpreted is found in I.C. § 63–3638, which controls the distribution of sales tax moneys collected by the state. I.C. § 63–3638(f) provides that 7.5% of the money contained in the sales tax account is to be returned to the counties. I.C. § 63–3638(h)(1) provides that sales tax moneys returned to the counties should be distributed as follows:

"A percentage shall be computed that each taxing district's share of sales tax moneys ... bears to the total amount of sales tax moneys distributed to each taxing district ... for the fourth calendar quarter of 1979, as provided in subsection (f). ... The resulting sums shall be paid to the county treasurer of each county for distribution to each taxing district ... which received sales tax moneys in 1979."

The district court concluded:

"[A]lthough the wording of I.C. § 36–3638, as amended, appears unambiguous on its face, the court concludes that there is a latent ambiguity when that section is applied to the facts of this case. Canyon Highway District No. 4 took over substantially the same secondary road system that had been administered by Canyon County through its Road and Bridge Department. After its formation, Canyon Highway District No. 4 took charge of the same equipment, employees and budget that had been used by Canyon County in the operation of the Road and Bridge Department. The same people and the same government function are served by Canyon Highway District No. 4, as had been served by Canyon County."

The court further concluded:

"It is clear from a reading of the question voted upon by the electorate, and from a reading of the 'Commissioners' Statement of Purpose,' that the only change which would occur if the people elected to reorganize would be a change of administration; the principal purpose of the election was to remove the county commissioners from road administration and vest that power and authority in a board of independent highway district commissioners. There was no dissolution of anything, nor creation of anything, by the electorate's decision to reorganize; it merely resulted in a change of administration of an ongoing governmental function."

Having reviewed the record and the law, we agree with the district court. It would not be reasonable to assume that the legislature intended to allow the county commissioners to turn the responsibility for road maintenance over to the highway district while retaining the sales tax moneys which were used by the county commissioners when they were discharging that responsibility. The more reasonable interpretation is that the sales tax money should follow the responsibility. Accordingly, we affirm the district court.

Costs to respondents.

998

DONALDSON, C.J., BISTLINE and HUNTLEY, JJ., and McFADDEN, J. Pro Tem., concur.